U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 27 2013
CLERK, U.S. DISTRICT COURT
By ____________
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID RAY PRESLEY AND MARGARITA RIVERA PRESLEY, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-932-A |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

Plaintiffs, David Ray Presley and Margarita Rivera Presley, initiated this action by filing their original petition in the District Court of Tarrant County, Texas, 96th Judicial District, naming as defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Wells Fargo removed the action, alleging that this court has subject matter jurisdiction by reason of diversity of citizenship, and that the amount in controversy exceeds the sum

or value of $75,000, exclusive of interest and costs, as contemplated by 28 U.S.C. § 1332.[1]

The allegations in the state court pleadings pertain to plaintiffs' property on Meadow Glen Drive in Arlington, Texas. Plaintiffs claim that their home was sold at a foreclosure sale[2] and that plaintiffs were not given 20-days' notice to cure or a 21-day notice of acceleration prior to the sale. Plaintiffs assert a claim against Wells Fargo for breach of contract and seek unspecified damages, attorney's fees, and a declaratory judgment that (1) Wells Fargo wrongfully foreclosed on plaintiffs' property and (2) the property be "reconveyed" to plaintiffs.

---

[1] Wells Fargo also states that "this Court would have original jurisdiction of this matter under 12 U.S.C. § 1452(f)." Notice of Removal at 2. However, nowhere in the notice of removal does Wells Fargo expound any further on this assertion. Rather, the notice of removal focuses exclusively on diversity jurisdiction, excepting the brief statement quoted above. In any event, the court notes that 12 U.S.C. § 1452(f) refers to original jurisdiction of actions to which the Federal Home Loan Mortgage Corporation is a party. Wells Fargo has neither asserted nor shown that this action meets such requirement. Therefore, to whatever extent Wells Fargo may be attempting to assert federal question jurisdiction, the court concludes that Wells Fargo has failed to show such jurisdiction.

[2] Plaintiffs do not provide a date for when the foreclosure sale occurred.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[3] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

---

[3]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. See Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

III.

The True Nature of Plaintiffs' Claims

The petition by which plaintiffs initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiffs' claims. Having done so, and having

considered the authorities and arguments cited by Wells Fargo in the notice of removal, the court is unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

Nothing on the face of the petition provides sufficient information as to the amount in controversy. In the notice of removal, Wells Fargo contends that "[i]n an action for declaratory and/or injunctive relief, the amount in controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'" Notice of Removal at 4. Wells Fargo asserts that in the context of a mortgagor seeking an injunction that relates to the foreclosure of real property, the value of the property is the proper measure of the amount in controversy. Wells Fargo claims that the subject property is valued at $140,200.00 and that this amount satisfies the jurisdictional minimum amount in controversy.

However, the fact that the value of the property mentioned in plaintiffs' pleadings might be more than $75,000.00 does not establish the amount in controversy. Nowhere do plaintiffs in their state court pleadings indicate that the fair market value of the property represents the amount in damages they are

requesting. Further, a review of plaintiffs' pleadings makes clear that nothing therein gives rise to a claim to outright title to the property. Rather, plaintiffs are alleging that Wells Fargo has breached its contract with plaintiffs and has wrongfully foreclosed on their property. Hence, the court is convinced that there is no legitimate dispute in this action over ownership to the property, nor is there any basis in the petition by which Wells Fargo can establish that the amount in controversy exceeds the jurisdictional minimum.

No information has been provided to the court that would enable the court to place a value on the interest plaintiffs seek to protect by this action. Thus, Wells Fargo has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED November 27, 2013.

JOHN McBRYDE
United States District Judge